IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KAMIL KNAP and EPA USA, *Inc.* § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> R2P INVEST PTE.LTD., VIKTOR § <br> DOKUCAJEV, and LUBOS ZOVINEC, § <br> Defendants. § | Civil Action No. 6:23-cv-00564 |

## PLAINTIFFS' MOTION TO STAY

**TO THE HONORABLE COURT:**

**PLAINTIFFS KAMIL KNAP** ("**Knap**"), individually, and derivatively on behalf of **EPA USA, Inc. ("EPA")** ("Plaintiffs"), respectfully request its Motion to Stay proceedings in its suit against **Defendants R2P INVEST PTE.LTD, VIKTOR DOKUCAJEV,** and **LUBOS ZOVINEC**, pending resolution of the case styled *EPA USA Incorporated v. Kamil Knap*, No. 2:24-cv-00749-GMS, currently pending in the United States District Court for the District of Arizona (the "Arizona case").

### INTRODUCTION

Plaintiffs brought this action seeking injunctive and monetary relief under the Defend Trade Secrets Act, the Computer Fraud and Abuse Act, among other claims. In the Arizona case, the issues before the Court are nearly identical (DTSA and CAFA claims). The Arizona case is presently in the discovery phase. Further, in the Arizona case temporary injunctive relief was to the Plaintiff regarding its Defend Trade Secrets Act and Computer Fraud and Abuse Act claims. Because the claims in the Arizona case will inevitably affect this proceeding—and very well could become outcome determinative—Plaintiffs now move to stay these proceedings pending

resolution of the Arizona case.

## ARGUMENT

The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. Courts have inherent power to stay proceedings while awaiting the outcome of another matter which may have a substantial or dispositive effect. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before another court. *See Greco v. NFL,* 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

Further, "[w]hether to grant a stay pending resolution in another case is fact-sensitive question." *Alfred v. Moulder*, NO. 3-16-cv-350-CWR-LRA, 2016 U.S. Dist. LEXIS 143292, at *4 (S.D. Miss. Oct. 17, 2016)(citing *In re Bebe*, 56 F.3d 1384(5th Cir. 1995)). When considering whether to stay a matter pending resolution of a separate action, the Fifth Circuit has considered: (1) the potential hardship and prejudice to the moving party if a stay is denied; (2) the potential prejudice to the non-moving party if a stay is granted; and (3) other "difficulties inherent in the general situation, including potential judicial inefficiency." *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545-546 (5th Cir. 1983); *see also Landis, infra,* at 254-55 ("[I]n determining whether a stay is proper, courts consider the interest of the parties and potential conservation of judicial resources.").

Finally, where multiple causes of action have been brough, a stay of all claims may be warranted even when the outcome of independent proceedings will only directly bear on one of

them. *See Willis v. City of Hattieburg*, No. 2:14-cv-89-KS-MTP, 2015 U.S. Dist. LEXIS 194021, at *14 (S.D. Miss. Jan. 30, 2015). In cases where all claims brought by a plaintiff "arise from the same event" and "are intertwined and based on substantially the same factual allegations," the interest of judicial generally warrant of a global stay. *Id*. Staying all claims until each can be fully litigated "prevent[s] the risk of essentially duplicative proceedings" and ensures that the court operates with complete information when it adjudicates the claims. *Id*.

In this case, the factors the Fifth Circuit set out for deciding whether a stay is appropriate weigh in favor of granting Plaintiffs' Motion to Stay. First, Plaintiffs would be prejudiced if this Motion is denied as Plaintiffs would be required to begin this matter anew and would incur unnecessary court costs as well as attorney's fees. Denial of this Motion likely would increase the workload for this Court as well as the Eastern District Clerk's office in administrative duties. Second, granting Plaintiffs' Motion would have no effect to the non-moving party as neither the individual defendants nor the corporate defendants have been served with process or otherwise submitted to this Court's jurisdiction. Because each Defendants are either international individuals or entities not domiciled in Texas, it is highly likely that motions contesting jurisdiction under Rule 12 of the Federal Rules of Civil Procedure, among others, would be filed by the Defendants contesting jurisdiction. Finally, granting Plaintiffs' Motion both prevents unnecessary litigation and possible duplication of issues that are already before a different court, the U.S. District Court for the District of Arizona, and preserves not only the Court's resources, but also promotes judicial efficiency and economy.

## **CONCLUSION**

The issues before the U.S. District Court for the District of Arizona could be dispositive of this litigation. It can hardly be understated that the risk of wasting party and judicial resources is

great if some, if not all, of discovery, summary judgment, and trial need to be relitigated in its entirety. Forcing parties and the Court to undertake an endeavor which will likely prove fruitless is extraordinary waste of time and resources. For these reasons, Plaintiffs respectfully request the Court stay these proceedings pending resolution of the Arizona case.

                        Respectfully Submitted

                        */s/ Nicholas L. Everett*
                        Nicholas L. Everett
                        Texas Bar No. 24087005
                        514 Hampton Hill Dr.
                        Tyler, Texas 75703
                        (903) 530-1115
                        Email: nick@etxtaxlaw.com
                        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing was served on all counsel of record on December 3, 2024, through the CM/ECF system

                        */s/ Nicholas L. Everett*
                        Nicholas L. Everett